IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANNISSA HASTIE,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA HOUSING AUTHORITY, SECTION 8 BUTTE HUD, DISTRICT 9; MONTANA DEPARTMENT OF COMMERCE; U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT[1]; HRDC BOZEMAN, et al,<br><br>Defendants. | CV 21-85-H-BMM-KLD<br><br>FINDINGS & RECOMMENDATION |

Plaintiff Annissa Hastie, who is proceeding pro se, brings this action against the above-named Defendants alleging intentional tort and breach of contract claims relating to her application for benefits under the Department of Housing and Urban Development's (HUD) Section 8 Housing Choice Voucher program. This matter comes before the Court now on a motion by Defendant United States of America[2]

---

[1] Hastie incorrectly identifies this agency as the "U.S. Department of Housing and Rural Development." (Doc. 1-1, at ). The Court hereby modifies the caption to reflect that the proper agency is U.S. Department of Housing and Urban Development. (See Doc. 1, at 1).

[2] The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et. seq. provides the exclusive remedy for tort claims against federal agencies and their employees. See *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Kennedy v. U.S. Postal Service*, 145

1

to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 4). For the reasons set forth below, the United States' motion should be granted and this matter should be dismissed.

I.	**Background**

As explained by the United States, Defendant Human Resources Development Council (HRDC) is a private, non-profit public housing agency. (Doc. 4, at 2). HUD partners with Defendant Montana Department of Commerce and Defendant Montana Housing Authority (collectively "the Department") to administer its Section 8 voucher program statewide. (Doc. 4, at 2). The Department, in turn, partners with public housing agencies like HRDC to administer individual Section 8 vouchers at the local level. (Doc. 4, at 2).

In May 2019, Hastie was living in Butte and was on the waitlist to receive a Section 8 housing voucher through Action, Inc., which is the organization through which the Department administers Section 8 vouchers in the Butte area. (Doc. 1-1, at 61). Hastie alleges she was issued a Section 8 housing voucher in May 2019 that was wrongfully revoked by Department employee Connie Mullikan. (Doc. 1-1, at

---

F.3d 1077, 1078 (9th Cir. 1998). Because Hastie alleges tort claims against HUD, which is a federal agency, the United States appropriately construes this as an action arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. Although Hastie names HUD as a defendant, a federal agency cannot be sued in its own name under the FTCA and the United States is the proper defendant. See *Meyer*, 510 U.S. at 475; *Kennedy*, 145 F.3d at 1078.

9-10). According to Hastie, Mullikan called her on May 18, 2019 and asked why Hastie missed her voucher intake meeting. Hastie claims she was subsequently invited to attend another meeting in Bozeman on May 22, 2019, during which she was instructed to begin looking for housing. (Doc. 1-1, at 11-13).

Hastie began looking for housing in the Bozeman area, and asked a potential landlord to reach out to the Bozeman HRDC office to ask questions about the program. (Doc. 1-1, at 11). Hastie alleges that HRDC employees told the potential landlord they did not know who Hastie was, that she had not attended the May 22, 2019 meeting, and that she had not received a housing voucher. (Doc. 1-1, at 11). Hastie further alleges that Mullikan told several others, including Department employees and members of the community, that Hastie was a liar and had unlawfully obtained paperwork given to her during the May 22, 2019 meeting. (Doc. 1-1, at 11-12).

On June 11, 2019, Mullikan sent Hastie a letter informing her that she was mistaken, and that she had not received a housing voucher for the Bozeman area. (Doc. 1-1, at 61). The letter confirmed that Hastie was still on the waitlist to receive a voucher for the Butte area, and advised her that she would be contacted by Action Inc. of Butte when she reached the top of the waitlist. (Doc. 1-1, at 61).

Following these events, Hastie reached out to Senator Steve Daines, Senator Jon Tester, Montana Governor Greg Gianforte, and the "HUD Fraud Team." (Doc.

1-1, at 14). Senator Daines conducted an inquiry on Hastie's behalf, and reached out to Erik Amundson, the Montana State Director for HUD. (Doc. 1-1, at 63). Amundson responded in writing on July 23, 2019. (Doc. 1-1 at 63). He confirmed the information provided in Mullikan's June 11, 2019 letter, including that Hastie was on the Butte waitlist, not Bozeman, and that the field agency, Action Inc. of Butte, would contact her when she reached the top of the list. (Doc. 1-1, at 63). These events, and Mullikan's letter in particular, appear to be the primary basis for Hastie's many tort claims. [3]

Hastie originally filed her Complaint in the Montana First Judicial District Court for Lewis & Clark County on July 14, 2021. (Doc. 1-1). Liberally construed, Hastie's Complaint and supporting materials assert several intentional tort claims, as well as breach of contract. (Doc. 1-1, at 5). For example, Hastie alleges "gross negligence" on the part of Defendants for their "willful and deliberate acts" in transferring her "file to a difference division of the agency." (Doc. 1-1, at 9). She accuses Mullikan of "taking her May 2019 voucher from her" in an act of deliberate retaliation, and of defamation, libel, and slander. (Doc. 1-1, at 10-11). Hastie seeks $1.63 million in damages.[4] (Doc. 4-4).

---

[3] Because Mullikan's and Amundson's letters are both central to Hastie's claims and copies are attached as exhibits to Hastie's complaint, they are properly considered under the Rule 12(b)(1) standards set forth below.

[4] The United States explains that Hastie filed this damages calculation in state

On November 1, 2021, the United States removed Hastie's Complaint to this Court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1). The United States moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Hastie has not responded to the United States' motion, which is ripe for ruling.

## II.   **Legal Standards**

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which

---

court but did not include it in the version of the Complaint she served on the United States. (Doc. 4, at 4 n. 2). Hastie has not responded, and so does not contest that this damages calculation was part of the state court complaint that has been removed to this Court by the United States. While Hastie's damages calculation is not part of the Complaint on file with this Court (Doc. 1-1), it is properly considered under the Rule 12(b)(1) standards set forth below.

contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

When considering a facial challenge, the court takes the factual allegations in the complaint as true and construes them in the in the light most favorable to the plaintiff. *Wolfe,* 392 F.3d at 362. In addition to reviewing the allegations in the complaint, the court may also consider documents attached to the complaint. See *Mir v. Mercury Ins. Group*, 2017 WL 8180593 *1 (C.D. Cal. July 18, 2017) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d. Cir. 2000)); *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014).

When resolving a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. Where the moving party has "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of

establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039 (*quoting Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)). In looking to matters outside the pleadings, the Court must "resolve all disputes of fact in favor of the non-movant...similar to the summary judgment standard." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). As with a motion for summary judgment, the party moving to dismiss for lack of subject matter jurisdiction "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

**III.   Discussion**

The United States argues the Court lacks subject matter jurisdiction for three reasons: (1) Hastie has not exhausted her administrative remedies prior to bringing her tort claims, as required by the FTCA; (2) the United States has not waived its sovereign immunity under the FTCA for the types of intentional torts pled in Hastie's Complaint; and (3) given the amount of damages requested, the Court of Federal Claims has exclusive jurisdiction over Hastie's breach of contract claims.

### A.     Failure to Exhaust Administrative Remedies

It is well settled that the United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued. *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). See *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). A waiver of the federal government's sovereign immunity "cannot be implied, but must be unequivocally expressed." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). Any such waiver will be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The FTCA provides a partial waiver of sovereign immunity for some tort claims against the United States. See *Lehner v. United* States, 685 F.2d 1187, 1189 (9th Cir. 1982). As a prerequisite to filing suit in federal court under the FTCA, a plaintiff must first exhaust all administrative remedies. 28 U.S.C. § 2675(a). Section 2675 provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property… caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing….

28 U.S.C. § 2675(a). As a general rule, the FTCA's administrative exhaustion requirement is jurisdictional and cannot be waived. See *Meridian Intern. Logistics, Inc. v. United States*, 939 F.3d 740, 743 (9th Cir. 2017); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

Here, Hastie does not allege anywhere in her Complaint that she filed an administrative claim with HUD. Hastie's Complaint is thus facially deficient because it fails to allege that she exhausted her administrative remedies as required for the Court to have subject matter jurisdiction under the FTCA. The United States also asserts a factual challenge to jurisdiction, and offers evidence that Hastie did not in fact exhaust her administrative remedies. The United States relies on a declaration by Derya Samadi, Acting Regional Counsel in HUD's Office of General Counsel. (Doc. 4-5). Samadi is responsible for the review and processing of all tort claims filed with HUD pursuant to the FTCA. (Doc. 4-5). Samadi has searched HUD's file and found no record of Hastie having filed a claim for injury or damages with HUD. (Doc. 4-5). Accordingly, the Court lacks subject matter jurisdiction over Hastie's tort claims pursuant to 28 U.S.C. § 2675(a). Because Hastie would not be able to cure her failure to exhaust administrative remedies

after having filed suit, amendment would be futile. See *Reyes v. United States*, 2017 WL 1346760, at *1 (S.D. Cal. Feb. 17, 2017).

### B. Waiver of Sovereign Immunity

Even if Hastie had exhausted her administrative remedies, the FTCA does not waive sovereign immunity for the types of intentional torts alleged in the Complaint. While the United States has waived its sovereign immunity in some respects, the FTCA does "not waive the sovereign immunity of the United States in all respects." *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015). "Congress was careful to except from the [FTCA's] broad waiver of immunity several important classes of tort claims." *Chadd*, 794 F.3d at 1108 citing *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984)). These exceptions include "[a]ny claim arising out of … abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). The causes of action listed in § 2680(h) "are absolutely barred" as against the United States. *Kim v. United States*, 940 F.3d 484, 492-93 (9th Cir. 2019) (citing *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981)).

Here, Hastie alleges several intentional tort claims, including fraud, slander, defamation, malicious intent, deliberate negligence, libel, false statements, and willful and wanton abuse of power. (Doc. 1-1, at 1, 5). These claims are either

expressly precluded by § 2680(h) or fall within the scope of the statute. See e.g. *Kim*, 940 F.3d at 493 (fraudulent concealment claim barred by § 2680(h) because "[t]he claim is *not* one of ordinary negligence (or any negligence at all)," but is instead a form of deceit and misrepresentation). Thus, even if Hastie had exhausted her administrative remedies, the Court would not have jurisdiction over her intentional tort claims pursuant to 28 U.S.C. § 2680(h).

Hastie has not responded to the United States' motion, and makes no argument opposing dismissal. Amendment would be futile because, in order to demonstrate jurisdiction over her tort claims, Hastie would have to allege facts that are different from the ones she has already alleged, not merely additional facts. See *Kelly v. Borske*, 2020 WL 2477026, at *2 (D. Mont. Feb. 7, 2020) (amendment would be futile where the plaintiff would have to allege facts that are different from the ones already alleged, not merely additional facts).

### C. Breach of Contract

Hastie also alleges breach of contract, claiming in particular that Defendants breached "a contract for voucher issuance" and a "privacy contract agreement." (Doc. 1-1, at 5, 18). Concurrent with the Court of Federal Claims, federal district courts have jurisdiction over any "civil action or claim against the United States, not exceeding $10,000 in amount, founded … upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). However, the Court of

Federal claims has exclusive jurisdiction over any contract action against the government seeking more than $10,000 in damages. 28 U.S.C §1491(a)(1). Courts look to the amount of monetary relief sought to determine whether jurisdiction is limited to the Court of Federal Claims. *McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 590 (9th Cir. 1983) (finding district court did not have jurisdiction over plaintiff's takings claim where amount sought exceeded $10,000); *V S Ltd. Partn. V. Dept. of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000) (finding the district court had no jurisdiction where plaintiff sought more than $10,000 in breach of contract action against HUD arising from a federal housing program).

Here, Hastie requests a total of more than $1.6 million in damages, far in excess of the Court's $10,000 jurisdictional limit over contract claims. Hastie lists 14 claims in her damages calculation (Doc. 4-4), and 16 claims elsewhere in the complaint (Doc. 1-1, at 5). Although Hastie does not parse her alleged damages by theory of liability, equally allocating the $1.6 million sought between 14 or 16 claims results in a demand of more than $100,000 for the breach of contract claim. Consequently, the Court of Federal Claims has exclusive jurisdiction over Hastie's contract claims, which should be dismissed for lack of jurisdiction under Rule 12(b)(1).

Again, Hastie has not responded to the United States' motion, and makes no argument opposing dismissal. Amendment would be futile because, in order to demonstrate jurisdiction over her breach of contract claim, Hastie would have to allege damages that are different from the ones she has already alleged.

### D.   Remaining Defendants

In addition to the United States, Hastie also names the Human Resources Development Council, the Montana Department of Commerce, and the Montana Housing Authority as defendants. There is nothing in the record to suggest that Hastie has obtained or served a summons on any of these remaining defendants, and none of them has entered an appearance in the case.

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a complaint and summons within 90 days "after the complaint is filed." Unless a plaintiff "shows good cause" for failing to timely serve a complaint on a defendant, "the court – on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Hastie filed her Complaint in state court on July 14, 2021 (Doc. 1-1), and the United States filed its notice of removal on November 1, 2021 (Doc. 1). Regardless of whether the date the Complaint was filed in state court or the date of removal

operates as the date the Complaint was filed for purposes of Rule 4(m), the 90-day period for accomplishing service has passed.

Unless a plaintiff "shows good cause" for failing to timely serve a complaint on a defendant, "the court – on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Accordingly, Hastie shall have 14 days within with to show good cause for failing timely serve her Complaint on the Human Resources Development Council, the Montana Department of Commerce, and the Montana Housing Authority. Hastie is advised that if she fails to show good cause, this case will be dismissed as to these defendants without prejudice under Rule 4(m).

## IV. Conclusion

For the reasons explained above, the Court concludes that the Complaint does not provide a basis for federal question jurisdiction over the United States. Accordingly, and because amendment would be futile,

IT IS RECOMMENDED that the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) be GRANTED and this case be dismissed as to the United States.

IT IS FURTHER RECOMMENDED that this case be dismissed as to all remaining Defendants unless Hastie shows cause within 14 days after entry of this Findings & Recommendation why service has not been accomplished.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 11th day of April, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge